Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL IX

| | | |
|---|---|---|
| VALERO, INC.<br><br>Peticionario<br><br><br>v.<br><br><br>MAPUFE, INC.<br><br>Recurrido | TA2026CE00268 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso número: BY2025CV03909<br><br>Sobre: Incumplimiento contractual; enriquecimiento injusto |

Panel integrado por su presidenta, la juez Brignoni Mártir, el juez Salgado Schwarz y la juez Aldebol Mora.

Aldebol Mora, Juez Ponente

# RESOLUCIÓN

En San Juan, Puerto Rico, a 18 de junio de 2026.

Comparece la parte peticionaria, Valero, Inc., mediante el recurso de epígrafe y nos solicita que revoquemos una *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de Bayamón, el 1 de febrero de 2026, notificada al día siguiente. Mediante esta, el foro primario declaró No Ha Lugar una solicitud instada por la parte peticionaria para que se emitiera una orden de prohibición de enajenar, como remedio en aseguramiento de sentencia, al amparo de la Regla 56.4 de Procedimiento Civil, 32 LPRA Ap. V, R. 56.4.

Por los fundamentos que se exponen a continuación, denegamos la expedición del auto discrecional solicitado.

**I**

El 23 de julio de 2025, Valero, Inc. (Valero o parte peticionaria) instó una *Demanda* juramentada sobre incumplimiento contractual y enriquecimiento injusto en contra de Mapufe, Inc. (Mapufe o parte

recurrida).[1] Esencialmente, solicitó el cumplimiento específico de un contrato verbal que alegó haber pactado en el 2017 con el fenecido Antonio López Felices, quien entonces fuera el presidente de Mapufe, así como una indemnización por daños y perjuicios contractuales.

En específico, Valero alegó que Mapufe se obligó a venderle una finca con cinco (5) predios comerciales —tres (3) de ellos arrendados a Valero— sita en el Barrio Candelaria de Toa Baja, al precio de tasación aplicable al momento de la venta. Según alegado, según el referido acuerdo, de dicha cuantía debían descontarse ciertos gastos incurridos por Valero en la rehabilitación de los predios que no arrendaba. Así las cosas, Valero alegó que los esfuerzos realizados para que Mapufe le vendiera el predio al valor pactado y según las condiciones acordadas, han sido infructuosos.

Como remedios, la parte peticionaria solicitó en la *Demanda* que el foro primario le ordene a Mapufe reconocer el derecho de adquisición preferente que reclama, al precio de tasación correspondiente, luego de aplicados los créditos pactados en el contrato. En la alternativa, solicitó una indemnización ascendente a un millón de dólares ($1,000,000), más intereses y penalidades, así como daños y perjuicios contractuales.

El 9 de septiembre de 2025, Valero presentó una *Moción urgente de prohibición de enajenar en aseguramiento de sentencia*, al amparo de la Regla 56.4 de Procedimiento Civil, 32 LPRA Ap. V, R. 56.4.[2] Como fundamento, la parte peticionaria adujo que existía un riesgo real e inminente de que Mapufe dispusiera de la propiedad en controversia, en menoscabo de su derecho a adquirirla, según previamente pactado. Por su parte, el 17 de septiembre de 2025, la

---

[1] Entrada núm. 1 del caso núm. BY2025CV03909 del Sistema Unificado de Manejo y Administración de Casos (SUMAC).
[2] Entrada núm. 11 del caso núm. BY2025CV03909 del SUMAC.

parte recurrida presentó una *Oposición a moción urgente de prohibición de enajenar en aseguramiento de sentencia.* Esencialmente, en virtud de esta, negó la existencia de un derecho de adquisición preferente a favor de Valero, razón por la cual rechazó que procediese conceder el remedio provisional en aseguramiento de sentencia solicitado por Valero.[3]

Cabe destacar que, el 7 de octubre de 2025, Mapufe presentó una *Moción de desestimación a tenor con la Regla 10.2 de Procedimiento Civil.*[4] Por su parte, el 30 de octubre de 2025, Valero presentó una *Oposición a moción de desestimación.*[5] Tras evaluar la postura de ambas partes, el foro primario declaró No Ha Lugar la solicitud de desestimación de Mapufe, mediante una *Resolución* emitida el 5 de noviembre de 2025 y notificada al día siguiente.[6]

Así las cosas, los días 31 de octubre, así como 14 y 25 de noviembre de 2025, el foro *a quo* llevó a cabo una vista evidenciaria virtual, vía la plataforma Zoom, con el propósito de dilucidar la procedencia de la solicitud de una orden sobre prohibición de enajenar. Durante la referida vista, ambas partes presentaron prueba testifical, mientras que la parte recurrida también presentó prueba documental.

En cuanto a la prueba testifical, en el primer turno, Valero presentó los testimonios de: (1) Rafael López, ex administrador de Mapufe; (2) Gabriel Piñol Ferrer, pasado corredor de bienes raíces de Christiensen, que fue la firma contratada por Mapufe para la venta de la propiedad; y (3) Joany Saray López Riera, vicepresidenta y codueña de Valero. Por su parte, Mapufe presentó los testimonios siguientes: (1) Estela Margarita López Landrón, actual presidenta de

---

[3] Entrada núm. 15 del caso núm. BY2025CV03909 del SUMAC.
[4] Entrada núm. 21 del caso núm. BY2025CV03909 del SUMAC.
[5] Entrada núm. 29 del caso núm. BY2025CV03909 del SUMAC.
[6] Entrada núm. 33 del caso núm. BY2025CV03909 del SUMAC.

Mapufe; (2) Margarita Lugo López, actual tesorera de Mapufe; y (3) José Manuel Valdejulli López.

Tras la celebración de la vista, el 8 de diciembre de 2025, ambas partes presentaron sus respectivos memorandos.[7] Así las cosas, tras aquilatar la prueba presentada durante la vista, el 1 de febrero de 2026, el foro *a quo* emitió la *Resolución* recurrida, la cual fue notificada al día siguiente.[8]

Así, mediante el dictamen recurrido, el foro primario declaró No Ha Lugar la solicitud sobre prohibición de enajenar. Ello, tras concluir que la prueba desfilada hasta el momento no justifica emitir el remedio provisional solicitado. Ello, debido a que el foro *a quo* consideró que no surgió de esta la existencia de un derecho de adquisición preferente a favor de Valero. De este modo, concluyó que no podía "privar a la parte demandante de su derecho de propiedad, exponiendo a los titulares a posibles daños y limitaciones a derechos propietarios".[9]

En desacuerdo, el 4 de marzo de 2026, Valero acudió ante este Foro mediante el recurso de epígrafe y adujo que el foro *a quo* cometió los errores siguientes:

> Erró el TPI al exigir que Valero demostrara probabilidad de prevalecer en los méritos como requisito para conceder una prohibición de enajenar en aseguramiento de sentencia bajo la Regla 56, cuando dicho criterio solo aplica a remedios ex parte o *injunctions* preliminares.

> Erró el TPI en su valorización de la prueba desfilada, amparando su determinación en hechos inmateriales y llegando a una conclusión insostenible a la luz de la totalidad de la evidencia y del derecho aplicable.

> Erró el TPI al denegar la solicitud de remedios provisionales sin considerar los intereses de ambas partes.

Por su parte, y de conformidad con la Regla 37 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 37,[10] el 16 de

---

[7] Entrada núm. 82 y 83 del caso núm. BY2025CV03909 del SUMAC.
[8] Entrada núm. 87 del caso núm. BY2025CV03909 del SUMAC.
[9] *Resolución* recurrida, pág. 8. Entrada núm. 87 del caso núm. BY2025CV03909 del SUMAC.
[10] *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR __ (2025).

marzo de 2026, la parte recurrida presentó un escrito que tituló *Memorando en oposición a expedición de solicitud de certiorari.* Esencialmente, mediante dicha comparecencia, Mapufe adujo que la expedición de un *certiorari* es discrecional y que el recurso de epígrafe no satisface los criterios de la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40.[11]

Por su parte, en cumplimiento con órdenes previas emitidas por este Foro, el 26 de marzo de 2026, Valero presentó una *Moción en cumplimiento de orden,* a la que acompañó la transcripción de la prueba oral (TPO) correspondiente a las vistas que tuvieron lugar los días 31 de octubre, 14 y 25 de noviembre de 2025. Por su parte, el 6 de abril de 2026, Mapufe presentó una *Moción en cumplimiento de orden,* en la que estipuló la corrección de la TPO presentada.[12]

El 6 de mayo de 2026 la parte peticionaria presentó un *Alegato suplementario.* Mediante este, abundó respecto a los señalamientos de error formulados en el recurso de epígrafe, a la luz de la prueba oral que fue objeto de análisis por parte del foro *a quo* y que se encuentra ante la consideración de este Foro, en virtud de la TPO presentada. Finalmente, el 5 de junio de 2026, la parte recurrida presentó el *Alegato de la parte recurrida.*

De este modo, con el beneficio de evaluar la postura de ambas partes, así como luego de estudiar la TPO ante nuestra consideración, procedemos a disponer del recurso de epígrafe.

**II**

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar discrecionalmente una decisión de un tribunal inferior. *Rivera Gómez v. Arcos Dorados, Inc.,* 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez,*

---

[11] *Id.*

[12] Como única excepción, señaló la palabra "alinear", que aparece en la página 41, línea 3, de la TPO correspondiente a la vista del 25 de noviembre de 2025, por considerar que debe decir "eliminar".

211 DPR 821 (2023); *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021). Ahora bien, tal discreción no opera en lo abstracto. Con respecto a lo anterior y para revisar los dictámenes interlocutorios del Tribunal de Primera Instancia, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone, en su parte pertinente, lo siguiente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

> Cualquier otra resolución u orden interlocutoria expedida por el Tribunal de Primera Instancia podrá ser revisada en el recurso de apelación que se interponga contra la sentencia sujeto a lo dispuesto en la Regla 50 sobre los errores no perjudiciales.

Según se desprende de la citada Regla, este foro apelativo intermedio podrá revisar órdenes interlocutorias discrecionalmente, cuando se recurre de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia o que revistan interés público. Así también, la referida disposición establece que este Foro podría ejercer su discreción para revisar resoluciones y órdenes interlocutorias en aquellas circunstancias en las que revisar el dictamen evitaría un irremediable fracaso de la justicia, entre otras contadas excepciones.

Luego de auscultar si el recurso discrecional cumple con las disposiciones de la Regla 52.1 de Procedimiento Civil, *supra*, nos

corresponde evaluar el recurso a la luz de los criterios de la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40.[13] A esos efectos, la referida disposición establece los criterios a considerar para ejercer sabia y prudentemente su decisión de atender o no las controversias ante sí. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96-97 (2008). Véase, además, *BPPR v. SLG Gómez-López*, 213 DPR 314 (2023); *Rivera Gómez v. Arcos Dorados, Inc.*, supra; *Pueblo v. Rivera Montalvo*, 205 DPR 352, 372 (2020). Así, la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, funge como complemento a la Regla 52.1 de Procedimiento Civil, *supra*. Véase, *Torres González v. Zaragoza Meléndez*, supra. La precitada Regla dispone lo siguiente:

> El [T]ribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A)    Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B)    Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C)    Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D)  Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E)    Si la etapa de los procedimientos en que se presenta el caso es la más propicia para su consideración.
>
> (F)    Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G)    Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

4 LPRA Ap. XXII-B, R. 40.

Sin embargo, ninguno de los mencionados criterios es determinante, por sí solo, para este ejercicio y no constituye una lista exhaustiva. *García v. Padró*, 165 DPR 324, 335 esc. 15 (2005).

---

[13] *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR __ (2025).

Por tanto, de los factores esbozados "se deduce que el foro apelativo intermedio evaluará tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada; esto, para determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio". *Torres Martínez v. Torres Ghigliotty*, supra, pág. 97. (Énfasis omitido).

Nuestro Tribunal Supremo ha expresado también que, de ordinario, el tribunal revisor "no intervendrá con el ejercicio de la discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial". *Zorniak Air Servs. v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992), citando a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). Véase, además, *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

**III**

No cabe duda de que el recurso de *certiorari* es el vehículo procesal adecuado para procurar la revisión de la *Resolución* recurrida. Ello, debido a que la parte peticionaria recurre de un dictamen interlocutorio emitido por el foro primario, al amparo de la Regla 56.4 de Procedimiento Civil, *supra*. Sin embargo, luego de evaluar el recurso, a la luz de los criterios de nuestra Regla 40, *supra*, rechazamos ejercer nuestra discreción revisora para revocar el dictamen recurrido. Veamos.

En fin, luego de evaluar la *Resolución* recurrida, no consideramos que el foro primario actuara con parcialidad, que incurriera en abuso de discreción o que emitiera un dictamen contrario a derecho. Así también, de un examen de las

particularidades de este caso, tampoco surge que, de alguna manera, expedir el auto discrecional solicitado evite un fracaso a la justicia. Tampoco consideramos que la etapa de los procedimientos en que se presenta el caso sea la más propicia para su consideración. En síntesis, en el presente caso, no concurren elementos que justifiquen nuestra intervención para intervenir, a los fines de interferir con el criterio del foro *a quo*.

En virtud de lo antes mencionado, y analizado el caso de autos a la luz de la totalidad de las circunstancias, consideramos que no corresponde nuestra intervención. Por tal razón, procede denegar el auto discrecional solicitado.

**IV**

Por los fundamentos que anteceden, denegamos la expedición del auto discrecional solicitado.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones